NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT, INC., <br><br> Plaintiff, <br><br> v. <br><br> TERRY LUKE, <br><br> Defendant(s). <br><br><br> TERRY LUKE, <br><br> Counterclaimant, <br><br> V. <br><br> JACKSON HEWITT, INC. <br><br> Counterclaim-Defendant | Docket No.: 13-512 (JLL) <br><br><br> **OPINION and ORDER** |

**LINARES**, District Judge.

This matter comes before the Court by way of Plaintiff/Counterclaim-Defendant Jackson Hewitt, Inc.'s ("Jackson Hewitt") motion to dismiss Defendant/Counterclaimant Terry Luke's ("Luke") Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (CM/ECF No. 9). In the alternative, Jackson Hewitt moves for a more definite statement under Federal Rule of Civil Procedure 12(e). In addition, Jackson Hewitt requests that the Court strike Luke's demand for a jury trial in light of relevant provisions of the franchise agreement. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. Having considered the arguments made in support of and in opposition to the instant motion, Jackson Hewitt's motion is granted in part and denied in part.

1

## BACKGROUND

This action arises out of an alleged franchise relationship between the parties. (Jackson Hewitt Mot. 1). Jackson Hewitt maintains that "[d]uring the course of this contractual relationship, Luke failed to remit specific payments to Jackson Hewitt pursuant to the terms of the franchise agreement, and, as a result, Jackson Hewitt terminated the franchise agreement between itself and Luke." *Id.* at 2.

In opposition to the instant motion, Luke submits that "Plaintiff was required to provide Luke with current individual federal tax return preparation processing material and software for Federal and State preparation and electronic filing programs. The software and equipment provided by the plaintiff was inadequate, failed to work and was antiquated." (Luke Opp'n. 1).

Jackson Hewitt initiated this action on January 25, 2013. (CM/ECF No. 1). Luke filed an answer and asserted seven counterclaims on March 14, 2013. (CM/ECF No. 7). Jackson Hewitt filed the instant motion on April 18, 2013. (CM/ECF No. 9).

## LEGAL STANDARD

The standard for deciding a motion to dismiss a counter-claim is the same as the familiar standard for a motion to dismiss a complaint. *Shamrock Holdings, Inc. v. Arenson*, 456 F. Supp. 2d 599, 605 (D.Del. 2006) (quoting *Milton Roy Co. v. Bausch & Lomb, Inc.*, 418 F. Supp. 975, 978 (D.Del. 1976)); *see also Teva Women's Health, Inc. v. Lupin, Ltd.*, No. 10-80, 2010 WL 4392503, at * 1 n.1 (D.N.J. Oct. 27, 2010). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

Ct. 1937 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). In evaluating the sufficiency of a pleading, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555, 557 (2007)); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005) ("[A] Court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss."). A claim is plausible on its face when the pleaded facts, taken as true, allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

As discussed above, Jackson Hewitt moves to dismiss Luke's Counterclaim or, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). For the reasons discussed below, the Court finds dismissal of the Counterclaim appropriate and, accordingly, denies as moot Jackson Hewitt's motion for a more definite statement. In addition, based on the record before the Court, it would be premature to strike Luke's jury demand. Accordingly, the Court denies without prejudice Jackson Hewitt's motion to do so.

**A. Motion to Dismiss Luke's Counterclaim**

Jackson Hewitt argues that "Luke has failed to set forth sufficient facts to carry his burden of establishing claims for the relief sought in each of his seven counterclaims. Indeed, Luke has failed to allege *any* facts, let alone sufficient facts, concerning the specific nature of the alleged breaches and other alleged wrongful conduct." (Jackson Hewitt Mot. 1) (emphasis in original). Similarly, "[t]he assertions upon which Luke bases his counterclaims are mere recitations and/or summaries of various provisions of the franchise agreement followed by non-specific conclusory statements that Jackson Hewitt engaged in some, unspecified wrongful conduct." (Jackson Hewitt Mot. 1; *see also id.* at 7). By way of example, Jackson Hewitt submits that in the second count of the counterclaim, Luke merely asserts that "'[Jackson Hewitt] breached its agreement' without identifying any specific provision that has been breached or providing any factual basis for asserting such a claim." (Jackson Hewitt Mot. 3).

The parties do not dispute that the counterclaim sets forth various provisions of the alleged franchise agreement between them. The issue remains whether same provides sufficient factual allegations with regard to how Jackson Hewitt allegedly breached those provisions. Indeed, Luke posits that he "sets forth the various provisions of the Franchise Agreement which Jackson Hewitt violated." (Luke Opp'n. 14). Despite setting forth in detail the alleged obligations of the parties pursuant to the Franchise Agreement, the only allegations of wrongdoing amount to no more than broad brushstrokes insufficient to satisfy the pleading requirements of the Federal Rules. For example, the First Count of the Counterclaim contains twenty-four paragraphs which primarily deal with the parties' alleged obligations. It merely asserts in a single paragraph that "Plaintiff failed to comply with its obligation under the agreement by engaging in unlawful, illegal conduct, engaging in a pattern with false and deceptive practices and other actions all to the detriment of Terry Luke." (CM/ECF No. 7, ¶ 24).

Significantly, as Jackson Hewitt submits in its Reply, Luke's general statements of wrongdoing do not even reference particular contractual provisions that were allegedly breached. (Jackson Hewitt Reply 1).

Luke annexes two exhibits to his Opposition in support of the argument that Jackson Hewitt breached the franchise agreement. The first is the Complaint in an action brought by the Attorney General for the State of California seeking an "injunction, penalties and other relief wherein the State of California alleged that Jackson Hewitt violated the Business and Professional Code § 17500 with the intent to induce California consumers to purchase products and services." (Luke Opp'n. Ex. A). The second is a judgment against Jackson Hewitt. (Luke Opp'n. Ex. B). It is well settled in this Circuit, however, that a party may not amend its pleadings by way of arguments made in opposition to a motion to dismiss. *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *Shoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 142 F. Supp. 2d 589, 613-14 (D.N.J. 2001). In addition, pursuant to Federal Rule of Civil Procedure 12(d), if a court considers material submitted outside the pleadings on a Rule 12(b)(6) motion, the court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). However, in deciding a motion to dismiss, "a Court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (a court may consider a document that is integral to or explicitly relied on in the complaint without converting a motion to dismiss into one for summary judgment). The Court declines to consider those exhibits at this time, as they are neither referenced in nor integral to the pleading. Having reviewed the counterclaim, the Court

agrees that it does not pass muster under Federal Rule of Civil Procedure 8(a). Therefore, the Court dismisses Luke's counterclaim without prejudice.

### B. Motion to Strike Luke's Jury Demand

Jackson Hewitt moves to strike Luke's jury demand pursuant to a provision of the franchise agreement allegedly entered into by the parties. Luke argues in opposition that the provision is void and unenforceable in New Jersey. (Luke's Opp'n. 19).[1] In essence, he argues that the waiver was not knowing and voluntary, and that the agreement was a contract of adhesion. *Id.* at 19-21. Further, he urges that "[t]he waiver of jury trial provision in section 28.5 is not underlined and it is not conspicuous." (Luke's Opp'n. 21).

Paragraph 28.5 provides, in pertinent part:

> **28.5.** *Waiver of Jury Trial.* **In any action or suit brought by or against you or us . . . that in any way arises out of or relates to your franchise relation with us, including but not limited to, any and every aspect of the process of entering into such relation, this Agreement, any guaranty or other Collateral Agreements with us or our affiliates, our performance in connection with the franchise relation, any termination, rescission, cancellation or nonrenewal of the franchise relation, and conduct post-termination or post-expiration of this Agreement, you and we agree that in the event that such action is resolved through a court proceeding, such action shall be tried to a court without a jury.**

(Jackson Hewitt Mot. 7-8) (quoting Franchise agreement at § 28.5) (boldface in original).

Where, as here, a federal action is premised upon diversity jurisdiction, the right to a jury trial in federal court presents a question of federal law. *Simler v. Connor*, 372 U.S. 221, 222 (1963); *In re City of Phila. Litig.*, 158 F.3d 723, 726 (3d Cir. 1998). "Although the right to a

---

[1] Luke primarily cites and relies upon New Jersey cases. Notably, Jackson Hewitt does not address Luke's contention that New Jersey law applies.

jury trial is guaranteed by the Seventh Amendment to the United States Constitution, like all constitutional rights it can be waived by the parties." *In re City of Phila. Litig.*, 158 F.3d at 726. To be valid, a contractual waiver of the right to a jury must be voluntary and knowing. *First Union Nat'l Bank v. United States*, 164 F. Supp. 2d 660, 663 (E.D.Pa. 2001). The following factors guide a courts determination of whether a contractual provision waiving the right to a jury is valid: "(1) there was no gross disparity in bargaining power between the parties, (2) the parties are sophisticated business entities, (3) the parties had an opportunity to negotiate the contract terms, and (4) the waiver provision was conspicuous." *Id.*; *Titan Stone, Tile & Masonry, Inc. v. Hunt Const. Group, Inc.*, Civ. 05-03362 (GEB), 2007 WL 174710, at *4 (D.N.J. Jan. 22, 2007). Based on the record before the Court, it is not clear that the waiver provision is valid. For example, it is uncertain whether the provision was a bargained for term of the contract, whether Luke was represented by counsel at the time, and whether it was otherwise knowing and voluntary. *See DaimlerChrysler*, 2009 WL 2152083, at * 7 (D.N.J. Jul. 14, 2009) (finding jury waiver provision valid at summary judgment stage).

In addition, Jackson Hewitt argues in its Reply that "Paragraph 28.5 of the franchise agreement is set forth in its own paragraph (not hidden within other language) and printed in boldface font, setting it apart from the other paragraphs of the franchise agreement, the majority of which are not bolded." (Jackson Hewitt Reply 5-6). Jackson Hewitt also points to the following provision:

> YOU REPRESENT THAT YOU HAVE READ THIS AGREEMENT AND OUR UNIFORM FRANCHISE OFFERING CIRCULAR IN THEIR ENTIRETY, AND THAT YOU HAVE BEEN GIVEN THE OPPORTUNITY TO CLARIFY ANY PROVISIONS AND INFORMATION THAT YOU DID NOT UNDERSTAND, AND TO CONSULT WITH AN ATTORNEY OR OTHER PROFESSIONAL ADVISER. YOU FURTHER REPRESENT AND WARRANT THAT YOU UNDERSTAND THE TERMS, CONDITIONS, AND OBLIGATIONS OF THIS FRANCHISE AGREEMENT AND AGREE TO BE

BOUND BY THEM.

(Jackson Hewitt Reply 6; Ex. A) (capitalization in original).  However, as Jackson Hewitt does not attach the relevant franchise agreement in full, the Court cannot determine whether the provision is indeed conspicuous.  Accordingly, the Court declines to strike Luke's jury demand at this time.

## CONCLUSION

For the foregoing reasons, Jackson Hewitt's motion is granted in part and denied in part.  Accordingly,

IT IS on this _3_ day of June, 2013,

**ORDERED** that Luke's counterclaim is dismissed without prejudice; and it is further

**ORDERED** that Jackson Hewitt's alternative request for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) is denied as moot; and it is further

**ORDERED** that Jackson Hewitt's motion to strike Luke's jury demand is denied without prejudice.

**SO ORDERED.**

/s/ Jose L. Linares
Jose L. Linares
United States District Judge